IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROLLAND SEAN TOWLES, #279 634, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:17-CV-68-MHT |
| ) | [WO] |
| WARDEN MYERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prison inmate, filed this action on February 6, 2017. On April 12, 2017, the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief presented in his March 7, 2017, amended complaint and amendment thereto. Docs. 5, 7, 9. In compliance with the court's order, Defendants submitted answers, written reports, and a supplemental written report, which contained relevant evidentiary materials responding to the allegations in the complaint. Docs. 23, 28. Upon review of these reports, the court issued an order directing Plaintiff to file a response to Defendants' answers and written reports, as supplemented. Doc. 32. The order advised Plaintiff that his failure to respond to the report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. at 1. The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*.

The time allotted Plaintiff for filing a response in compliance with the court's November 15, 2017, order – as extended by orders entered December 13, 2017, February 13, 2018, and February 27, 2018 – expired on March 20, 2018. As of the present date, Plaintiff has failed to file

a response in opposition to Defendants' reports.  The court, therefore, concludes that this case should be dismissed.

The court has reviewed the file to determine whether a drastic measure less than dismissal is appropriate.  Plaintiff's inaction in the face of Defendants' reports and evidentiary materials, and the generous amount of time afforded him to file a response refuting the defendants' contentions, suggests that he does not seek to proceed with this case.  It therefore appears that any additional effort by this court to secure his compliance would be unavailing.  Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply). The authority of courts to impose sanctions for failure to prosecute or to obey an order is longstanding and is acknowledged, but not limited, by Rule 41(b) of the *Federal Rules of Civil Procedure*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority gives the courts power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) ("The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.

It is further

ORDERED that **on or before July 14, 2018**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, on this the 29th day of June, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge